## Guardian's Sale of Real Estate Outside County of Appointment

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

The question of proper procedure has arisen in several cases where guardians appointed by this court desire to sell under the Revised Price Act of June 7, 1917,

P. L. 388, 20 PS §1561 et seq., real estate located in other counties.

It is, of course, well settled that under section 1 of that act, as well as under the original Price Act of April 18, 1853, P. L. 503, an effective decree of sale can be made only by the appropriate court of the county wherein the land lies: Morrison et al. v. Nellis et al., 115 Pa. 41. But as the court of appointment of the guardian is the proper court to which the guardian should account for the proceeds of real estate so sold, there should be in that court some record of any application by its guardian intended to be made to a court of the county in which the land lies. There are many reasons why this is desirable, e. g., the minor when he arrives of age, or the successor of a guardian dying during his ward's minority, ought to have, so far as possible, information available in this county of everything the guardian has done.

We therefore now approve the practice indicated by Mr. Remick in his Pennsylvania Orphans' Court Practice (see footnote on page 871) wherein it is said that the proper procedure for the sale or mortgage of a minor's real estate situate in a county other than that of the guardian's appointment is for the orphans' court having jurisdiction of the guardian, on petition, to authorize the application to be made to the orphans' court of the county within which the land is situate, for the order for the sale or mortgaging of the same.

This suggested practice is supported by an able opinion of Judge Brewster, sitting as an orphans' court in Philadelphia, in the case of Packer's Estate, 1 Camp. 5. Judge Brewster also ruled that the security ought to be approved and entered in the court of appointment; but that ruling was based upon certain phraseology in the original Price Act which was omitted in the Revised Price Act. We rule, therefore, that security should be entered in the county where the decree of sale is made, that county being the nat-

ural one in which a title searcher would look for the bond ordered to be filed in conformity with section 13 of the Revised Price Act of 1917, requiring all decrees thereunder to be conditioned on the entry of security.

Since this opinion was written we have incorporated the practice herein recommended in our new rules of court (see Local Rule 20(M)) but this opinion is promulgated so that it may be published for the information of the other orphans' courts in the State and of the bar.